PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM JAMES,

          Plaintiff,

-v-                                                    16-CV-6847CJS
                                                       ORDER

COUNTY OF MONROE et al.,

          Defendants.

_____

## INTRODUCTION

Plaintiff, William James, while a prisoner confined at the Monroe County Jail, filed this *pro se* action seeking relief under 42 U.S.C. § 1983. Docket No. 1. Plaintiff has filed an amended Complaint as directed. Docket No. 9. Plaintiff alleges that his constitutional rights were violated when Defendants permitted other inmates to steal his property, as more clearly detailed in his Amended Complaint. For the reasons discussed below, Plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim on which relief may be granted.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Amended Complaint. In evaluating the Amended Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must

meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Amended Complaint, the Court finds that Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim on which relief may be granted.

**Plaintiff's Allegations**

Plaintiff alleges in his Amended Complaint that on July 2, 2016, Defendant Terrance Smith, a Deputy at the Monroe County Jail, was to pack Plaintiff's property for Plaintiff's move to a different facility. Docket No. 9, p. 3. Plaintiff alleges that Defendant ignored the rules of the facility and permitted inmates to pack, and to steal, Plaintiff's property. *Id.* The lost property consisted of articles of clothing, photographs of loved ones, and court transcripts. *Id.* at 3-4. Plaintiff filed a grievance as to his loss, which was sustained. Plaintiff was "offered replacement items which he chose not to accept", and was further provided with a Notice of Claim form. *Id.* Plaintiff raises these allegations as

2

claims of the denial of the right to petition for redress of grievances, unreasonable search

and seizure, a violation of his right to due process of law, and conspiracy.

**Claims of Denial of Access to Courts**

Plaintiff alleges that among the items which were stolen by other inmates were

court papers including:

"purchased copies of grand jury transcripts of witness testimony, transcripts
of the court proceedings or appearances, motions and applications by both
the defense and the people, as well as related corresponding
memorandums, decisions and orders of the court relative to plaintiff's
criminal case."

*Id.* at 4. The Court construes Plaintiff's claim that he was denied "his right to petition for

redress" as raising a claim that the loss of these papers denied him access to courts.

While it is true that under the Constitution a correctional facility may not deny an

inmate meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the

mere limitation of access to legal materials, without more, does not state a constitutional

claim. *See, Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) . In order to

state a constitutional claim, a plaintiff must make a showing that he has suffered, or will

imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a

legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996); a*ccord Morello v. James*, 810

F.2d 344, 347 (2d Cir. 1987).

Plaintiff has not shown that he has suffered an actual injury traceable to the

challenged conduct of jail officials. A plaintiff has not shown actual injury unless he shows

that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the

actions of prison officials. *Lewis*, 518 U.S. at 351-52. Taking Plaintiff's claims as true, he

nevertheless offers no facts to explain how the stolen documents prejudiced his ability to

3

"seek redress from the judicial system." *Smith v. O'Connor*, 901 F. Supp. 644, 649

(S.D.N.Y. 1995). Accordingly, Plaintiff's claim that he has been denied access to the

courts is hereby dismissed with prejudice.

**Claims Regarding Search and Seizure**

Plaintiff alleges that the theft of his property constituted an unreasonable search

and seizure. However, Plaintiff states that he was being moved from one facility to the

next, and faults Defendants for their failure to preserve his property rather than for

entering his cell and observing the contents, which was plainly necessary and therefore

reasonable, under the circumstances. *See Hudson v. Palmer*, 468 U.S. 517, 527-528,

104 (1984) ("the Fourth Amendment proscription against unreasonable searches does

not apply within the confines of the prison cell"); *Willis v. Artuz*, 301 F.3d 65, 67 (2d Cir.

2002). Plaintiff's allegations do not make out an unreasonable search or seizure, and his

Fourth and Fourteenth Amendment claims must therefore be dismissed with prejudice.

**Claims of Conspiracy**

Plaintiff raises his allegations as claims of conspiracy in violation of 42 U.S.C. §§

1983, 1985 and 1986. In support of these claims he alleges in conclusory fashion that

Defendants participated in a scheme to control his property by allowing inmates free

access to it. "A complaint containing only conclusory, vague, or general allegations of

conspiracy to deprive a person of constitutional rights cannot withstand a motion to

dismiss," *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.) (*per curiam*), *cert. denied*, 464

U.S. 857, 104 S. Ct. 177, 78 L. Ed.2d 158 (1983); *see also Leon v. Murphy*, 988 F.2d

303, 311 (2d Cir. 1993) ("'where a plaintiff fails to produce any specific facts whatsoever

to support a conspiracy allegation, a district court may, in its discretion, refuse to permit

discovery and grant summary judgment"') (quoting *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981)).  Here, Plaintiff has alleged no specific facts in support of his contention that the Defendants conspired against him, but he instead simply claims in a vague, conclusory, and unsupported manner that Defendants engaged in a conspiracy against him.

Plaintiff's conclusory allegations of conspiracy are likewise insufficient to state a claim of conspiracy in violation of § 1985 which prohibits "Conspiracy to interfere with civil rights", or § 1986, which deals with the failure to prevent violations of § 1985.  The Second Circuit has held:

> The four elements of a § 1985(3) claim are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. Furthermore, the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.

*Mian v Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087–88 (2d Cir. 1993) (citation and internal quotation marks omitted).  Plaintiff's allegations, accepted as true, establish neither a conspiracy nor a racial or class-based animus.  The Court finds that Plaintiff's allegations of conspiracy are without foundation and dismisses his conspiracy claims with prejudice.

## Due Process Claims for the Deprivation of Property

Finally, Plaintiff raises the theft of his property as a violation of his right to due process.  Claims under § 1983 for a deprivation of property allege a violation of due process provided by the Fourteenth Amendment. *Harrington v. County of Suffolk*, 607 F.3d 31, 34 (2d. Cir. 2010).  "Claims for deprivation of property by a state actor, whether

5

intentional or negligent, fail if the state provides for an adequate remedy to address the alleged deprivation." *Cameron v. Wise*, No. 09 Civ. 967(PKC)(JLC), 2011 WL 1496341, at \*6 (S.D.N.Y., April 20, 2011) (citation omitted); *Alloul v. City of New York,* No. 09 Civ. 7726(JSR)(FM), 2010 WL 5297215, at \*6–7 (S.D.N.Y. Dec. 21, 2010). "However, 'an adequate post-deprivation remedy is a defense to a Section 1983 due process claim only where the deprivation is random and unauthorized.' " *Cameron*, 2011 WL 1496341, at \*6 (quoting *Reid v. City of New York,* 212 Fed. App'x 10, 11 (2d Cir.2006) (summary order) (citing *Butler v. Castro,* 896 F.2d 698, 700 (2d Cir.1990)). "The Second Circuit has distinguished between the actions of lower ranking officials and those holding higher positions, stating that actions taken by 'a high ranking official having final authority over the decision-making process . . . are not random or unauthorized.' " *Id.* (quoting *Dwyer v. Regan*, 777 F.3d 825, 832 (2d Cir. 1985)).

Plaintiff has alleged that the deprivation of his property was done in violation of the established procedures. Therefore, it was a "random and unauthorized" act. *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990). Further, Plaintiff had an adequate state court remedy available to him under § 52 of the New York County Law, which Plaintiff did not pursue despite being provided with a Notice of Claim form, *see Alloul*, 2010 WL 5297215, at \*6-7; *Nogbou*, 2009 WL 3334805, at \*6 (dismissing plaintiff's § 1983 deprivation of property claim for plaintiff's failure to avail himself of adequate state remedies). Accordingly, Plaintiff's claims alleging a due process violation relating to the loss of his property fail to state a claim on which relief may be granted and must also be dismissed with prejudice.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's Amended Complaint is dismissed with prejudice;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Charles J. Siragusa
United States District Judge

DATED: JAN. 23 , 2018
Rochester, NY